UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

THAMUD ELDRIDGE,                          **No. 1:06-CR-00311 (MAT)**
                                          **No. 1:13-CV-00360 (MAT)**
                          Movant,
            -vs-                          **DECISION AND ORDER**

UNITED STATES OF AMERICA,

                          Respondent.

_____

# I.   Introduction

Proceeding *pro se*, movant Thamud Eldridge ("Eldridge" or "movant"), a federal prisoner, has requested permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Doc. 172. The Court has reviewed movant's submissions in connection with his motion to proceed *in forma pauperis*, finds that he meets the statutory requirements, and therefore grants his request to proceed as a poor person.

On May 4, 2009, Eldridge was convicted, following a jury trial, of one count of possession of a firearm and ammunition by a felon in violation of 18 U.S.C. § 922(g)(1); one count of possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1); and one count of possession of marijuana in violation of 21 U.S.C. § 844(a). On August 28, 2009, Eldridge was sentenced to a term of 97 months imprisonment with a six-year term of supervised release. See doc. 120. Presently before the Court is Eldridge's motion to vacate his sentence pursuant to 28 U.S.C.

§ 2255. Docs. 166, 173. For the reasons discussed below, plaintiff's motion is denied.

## II.   The Pending § 2255 Motions

On April 9, 2013, Eldridge moved to vacate his sentence pursuant to 28 U.S.C. § 2255, contending that (1) the Court failed to decide a counseled motion pursuant to Fed. R. Civ. P. 33 which was filed on January 4, 2011; and (2) he is entitled to a new trial based on a claim that a government witness committed perjury at trial. The government responded to Eldridge's motion on May 31, 2013, contending that it should be dismissed as meritless. On December 11, 2015, Eldridge filed an amended motion to vacate pursuant to § 2255, arguing that (1) a DNA report dated December 29, 2009 was Brady material withheld from Eldridge at trial; (2) Eldridge was denied effective assistance of counsel at trial; and (3) Eldridge was denied a fair trial because the government introduced statements of the accused and because Eldridge's counsel was denied the opportunity to cross-examine the arresting officer regarding his alleged record of excessive force.

The Court notes that Eldridge appealed his judgment of conviction, and the judgment was affirmed by the Second Circuit Court of Appeals on July 12, 2013, some three months after Eldridge filed his original § 2255 motion. See doc. 170.

## III. Discussion

### A.   Eldridge's Original Motion

Eldridge's first contention in his original § 2255 motion was that the Court failed to rule on his counseled Rule 33 motion for a new trial. As the government points out, however, the Court *did* deny that motion by order dated October 5, 2012. See doc. 165. Accordingly, this contention is moot.

Eldridge's second argument, although it is styled as a habeas petition, requests relief in the form of a new trial due to alleged newly discovered evidence. This motion is governed by the three-year statute of limitations set forth in Rule 33(b)(1), which provides that "[a]ny motion for a new trial grounded on newly discovered evidence must be filed within 3 years after the verdict or finding of guilty." Eldridge's verdict was delivered on May 4, 2009, more than three years prior to the filing of his motion. Accordingly, the motion is time-barred. See, e.g., United States v. Kearney, 682 F.2d 214, 218 (D.C. Cir. 1982) (finding that defendant's § 2255 motion filed 12 years after conviction was essentially a motion for a new trial based on newly discovered evidence and therefore untimely under rule 33). In any event, Eldridge has failed to show that he exercised due diligence with regard to the discovery of any purported new evidence. See Herrera-Gomez v. United States, 755 F.3d 142, 148 (2d Cir. 2014) ("To the extent Petitioner purports to rely on 'new evidence' within the meaning of § 2255(h), he has failed to demonstrate that

he exercised due diligence in his search for that evidence and its submission to this Court.").

### B.   Eldridge's Amended Motion

For § 2255 purposes, Eldridge's judgment of conviction became final on October 10, 2013, when the time expired for him to file a petition for certiorari to the Supreme Court. See Ozsusamlar v. United States, 2013 WL 4623648, *3 (S.D.N.Y. Aug. 29, 2013) ("For the purposes of § 2255, 'a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction,' ninety days after the Court of Appeals' determination."). Eldridge's amended motion was filed on December 11, 2015, and is therefore untimely as it was filed more than one year after his judgment of conviction became final. See 28 U.S.C. § 2255(f)(1). The amended motion raises three new claims, none of which relate back to Eldridge's original petition. See Thristino v. United States, 379 F. Supp. 2d 510, 518 (S.D.N.Y. 2005) (holding that amended petition did not relate back where it "[did] not raise issues that arose out of the same facts as the claims in the [o]riginal [p]etition"). Therefore, the amended petition is dismissed.

## III. Conclusion

Eldridge's motion to proceed in forma pauperis (doc. 172) is granted. His motion and amended motion to vacate and correct his

sentence (Docs. 166, 173) are denied. The Court finds that petitioner has failed to make a substantial showing of the denial of a constitutional right, see 28 U.S.C. § 2253(c)(2), and accordingly the Court denies a certificate of appealability. The Clerk of the Court is directed to close Civil Case No. 1:13-CV-00360.

**ALL OF THE ABOVE IS SO ORDERED.**


**S/Michael A. Telesca**

_____

HON. MICHAEL A. TELESCA
United States District Judge

Dated:      January 30, 2017
            Rochester, New York.